# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMMY M. HARRIS,

    *Plaintiff*,

vs.

JAMES GREG COX, *et al.*

    *Defendants*.

2:12-cv-00603-GMN-RJJ

ORDER

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A as well as on plaintiff's application (#1) to proceed *in forma pauperis*, motion (#2) for a temporary restraining order, and motion (#3) for preliminary injunction.  The Court finds that plaintiff currently is unable to pay a substantial initial partial filing fee, and the pauper application will be granted subject to the remaining provisions of this order.

Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff.  *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions

1   unsupported by any actual allegations of fact are not assumed to be true in reviewing the

2   complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87, 129 S.Ct. 1937, 1949-51 &

3   1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely

4   formulaic recitations of the elements of a cause of action and that are devoid of further factual

5   enhancement are not accepted as true and do not state a claim for relief. *Id.*

6          Further, the factual allegations must state a plausible claim for relief, meaning that the

7   well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

18  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50.

19         Allegations of a *pro se* complainant are held to less stringent standards than formal

20  pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30

21  L.Ed.2d 652 (1972).

22         In the complaint, plaintiff Sammy Harris asserts federal constitutional claims

23  challenging the use of a timer on cell toilets that restrict the toilet to being flushed in a two-man

24  cell only once within a twenty-minute period. Plaintiff alleges that prison officials state that

25  they installed the flush timers because inmates in Units 1 through 8 of High Desert State

26  Prison ("High Desert") had been wasting water. Plaintiff maintains that the flush timer requires

27  that he live and eat in the cell with standing human waste and that human waste splashes on

28  him when he uses the toilet because of the flush timer.

-2-

1    In Count I, plaintiff alleges that the use of the flush timer constitutes cruel and unusual

2    punishment in violation of the Eighth Amendment.  In Count II, plaintiff alleges that he is being

3    denied substantive due process and equal protection of the laws in violation of the Fourteenth

4    Amendment because he allegedly is being punished for the conduct of others and is being

5    treated differently from inmates in Units 9 through 12 and staff, who did not have flush-timers

6    on their toilets.  Plaintiff seeks monetary, declaratory and injunctive relief from a number of

7    correctional officials and officers in their official and individual capacities.[1]

8    Count I fails to state a claim upon which relief may be granted.

9    Plaintiff proceeds on the premise that he is being exposed to human waste in violation

10   of the Eighth Amendment.  Exposure to human waste indisputably can give rise to an Eighth

11   Amendment violation, and subjecting a prisoner to a lack of sanitation that is severe or

12   prolonged can constitute cruel and unusual punishment.  *See,e.g., Anderson v. County of*

13   *Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995).  Obviously, if an inmate were placed in a bare cell

14   and required to sleep, eat and live on an floor covered with wall-to-wall excrement, even for

15   a short duration, he would be subjected to an Eighth Amendment violation.

16   Such is not the case here, however.  Plaintiff is in a cell with a functioning toilet but with

17   the restriction that it may be flushed only once within a twenty-minute period.  Every court that

18   has considered an Eighth Amendment claim based upon a similar such restriction has

19

20   [1]The Court has accepted as true for purposes of screening review only that the timers are set at
21   twenty-minute intervals.  One grievance response stated that the timers were set at twenty-minute intervals.
     Another response stated that the timers were set to permit flushing four times an hour, which would be at
     fifteen-minute intervals.

22
23   The Court has accepted as true for purposes of screening review also that plaintiff has been housed
     with another inmate in a two-man cell at all relevant times.  Plaintiff ascribes error in a grievance response
24   that proceeded on the assumption that he instead was in a single-man cell in a segregation housing unit.  Any
     such *arguendo* factual error in the grievance process does not give rise to a constitutional violation where one
25   otherwise does not exist.  For the reasons discussed in the text, plaintiff fails to state a claim upon which relief
     may be granted even if he has been housed in a two-man cell at all relevant times.

26   Plaintiff further alleges in Count I that he became very ill at one point and thought that he might have
     contracted hepatitis from human waste.  He alleges that he never was seen by the medical staff but that he
27   eventually got better after using penicillin obtained from other inmates.  If plaintiff had a temporary condition
     that was resolved by penicillin, the condition of course was not hepatitis, which is a virus that is not resolved
28   by an antibiotic that instead is effective only against bacterial infections.

-3-

rejected the claim.  *See,e.g., Barbosa v. McCann*, 2011 WL 4062469, slip op. at 5 (N.D. Ill. 2011)(collecting cases).  Plaintiff maintains that he is being subjected to human waste splashing on him because of the flush timer.  There are myriad situations in the free world where an adult might have to wait as much as twenty minutes, or more, to use a restroom facility.  An implicit requirement that an inmate occasionally might have to wait as much as twenty minutes to be able to use a clear toilet does not constitute cruel and unusual punishment.  Nor does a circumstance where a cell toilet otherwise occasionally might contain human waste for up to twenty minutes constitute cruel and unusual punishment.

Count II also fails to state a claim upon which relief may be granted.

Here, plaintiff proceeds on the premise that the flush timers are "punitive" because they were installed after some inmates wasted water, such that he therefore is being "punished" for the misconduct of others.  He urges that it is "against the law to punish me because of someone else."  The Due Process Clause contains no such overarching principle that would allow prison authorities to respond to a problem only if and to the extent that they could identify specifically which inmates were causing the problem.  For example, all inmates in a prison-wide or unit-wide lockdown are in a sense "punished," *i.e.,* subjected to restrictions, when the prison or unit is locked down, even if they were not individually responsible for the circumstances, such as a major gang violence incident, that led to the lockdown.  Yet there is no – and will be no – restriction placed by substantive due process on prison authorities' inherent discretion to determine the scope and length of such a lockdown.  Nor does substantive due process prevent prison authorities from responding to a problem – inmates wasting water in a prison in the middle of a desert – only if and to the extent that they can identify specifically which inmates are wasting water in a unit or units.

Nor does the alleged fact that flush timers are used in Units 1 through 8 but not Units 9 through 12 and the staff restrooms give rise to a violation of the Equal Protection Clause.  Not every dissimilar treatment of individuals by state officials gives rise to an equal protection violation, and no conceivably plausible equal protection claim arises in this context.

/ / / /

-4-

1  The complaint accordingly fails to state a claim upon which relief may be granted.  The
2  Court finds that delaying dismissal for an opportunity to amend would be futile given that the
3  underlying premises of plaintiff's claims are without merit.

4  The motions for temporary and preliminary injunctive relief therefore also will be denied.
5  At the very outset, plaintiff has failed to provide the verification and certification required under
6  Rule 65(b)(1) of the Federal Rules of Civil Procedure for issuance of a temporary restraining
7  order without both notice to the adverse party and an opportunity to be heard.  In any event,
8  substantially for the reasons discussed previously as to the underlying claims, plaintiff can
9  demonstrate neither irreparable injury nor a substantial likelihood of success on the merits
10  with regard to his constitutional claims challenging the use of a timer that restricts a cell toilet
11  from flushing more than once every twenty minutes.

12  IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
13  is GRANTED, subject to the remaining provisions herein.  Even if this action is dismissed, the
14  full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

15  IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action
16  to a conclusion without the necessity of prepayment of any additional fees or costs or the
17  giving of security therefor.  This order granting *forma pauperis* status shall not extend to the
18  issuance of subpoenas at government expense.

19  IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
20  Department of Corrections shall pay to the Clerk of the United States District Court, District
21  of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that
22  the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  The
23  Clerk shall send a copy of this order to the Finance Division of the Clerk's Office.  **The Clerk**
24  **shall also send a copy of this order to the attention of the Chief of Inmate Services for**
25  **the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

26  IT FURTHER IS ORDERED that the Clerk shall file the complaint and that this action
27  shall be DISMISSED without prejudice for failure to state a claim upon which relief may be
28  granted.  This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

-5-

1    IT FURTHER IS ORDERED that plaintiff's motion (#2) for a temporary restraining order

2   and motion (#3) for a preliminary injunction both are DENIED.

3    The Clerk shall enter final judgment accordingly, dismissing this action without

4   prejudice.

5    DATED:   April 20, 2012

6

7    _____

8    Gloria M. Navarro
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28